**STATE of Alaska, Appellant,**

v.

**Theodore PAINTER, Jr., Appellee.**

**No. A–452.**

Court of Appeals of Alaska.

Feb. 22, 1985.

Kathleen L. McGuire, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

C. Walter Ebell, Hartig, Rhodes, Norman, Mahoney & Edwards, Kodiak, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Theodore Painter, Jr., was charged with unlawful fishing for tanner crab in violation of state regulations. 5 AAC 35.510(1). Both the state and Painter agreed that the fishing occurred in the Fishery Conservation Zone (FCZ), that is, between three and two hundred miles from shore. Painter moved to dismiss. After briefing and oral argument, the motion was granted on the ground that the state had no jurisdiction. The state appeals. We reverse and remand.

In his motion to dismiss, Painter argued that the state tanner crab regulations are invalid because they attempt to regulate the taking of tanner crab beyond the territorial sea (three miles) of the state. Essentially Painter's argument was that, with the enactment of the Magnuson Fishery Conservation and Management Act (FCMA), 16 U.S.C. §§ 1801–82 (1982) (effective March 1, 1977), jurisdiction over fishery management in the seas between three and two hundred miles from shore became exclusively federal.

Magistrate Dennis L. Nelson made several findings of fact before ruling that the state did not have jurisdiction. He found that Painter's vessel, the Alaska Trojan, was registered in the State of Alaska, and that the fishing had occurred in the FCZ. Magistrate Nelson also found that the federal government had promulgated regulations regarding tanner crab fishing (50 C.F.R. §§ 671.1–.27 (1983)), that Alaska also had regulations regarding tanner crab (5 AAC 35), that the state and federal regulations were "substantially the same," and that a cooperative enforcement agreement between the state and federal authorities was and is in effect.

As a "conclusion of law," Magistrate Nelson held that the state had no jurisdiction and ordered the matter dismissed. The reason for that legal conclusion was his understanding that the FCMA indicated a Congressional intent to provide a national program for fishery management under exclusively federal jurisdiction with any state input to be effected through the state's participation in regional councils. Thus, he concluded that when federal regulations concerning a fishery exist, no state regulations affecting that fishery will be allowed.

The cases decided under the FCMA do not lead to the result reached below. The FCMA has been found not to have entirely occupied the area of fisheries management in the FCZ. Even since the enactment of the FCMA, when a state has regulated a fishery and that regulation is applied in the FCZ, the courts have not found those state regulations invalid in the absence of some conflict between the state and federal regulations, *State v. Sterling*, 448 A.2d 785 (R.I.1982), or their policies, *e.g.*, *State v. F/V Baranof*, 677 P.2d 1245 (Alaska), *cert. denied* — U.S. ——, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984); *People v. Weeren*, 26 Cal.3d 654, 163 Cal.Rptr. 255, 607 P.2d 1279, *cert. denied*, 449 U.S. 839, 101 S.Ct. 115, 66 L.Ed.2d 45 (1980).

The Alaska Supreme Court considered the effect of the FCMA on state regulation of fisheries in *State v. F/V Baranof*, 677 P.2d 1245 (Alaska), *cert. denied*, — U.S. ——, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). *Baranof* concerned an *in rem* forfeiture proceeding against a fishing vessel alleged to have exceeded the authorized catch limit for king crab. Just as here, the regulation which had been violated was a state regulation and the fishing had occurred outside of the state's territorial seas. The court upheld the validity of the state king crab regulations and their application to vessels outside of the state's territorial seas. The F/V Baranof was registered in Alaska under the laws of Alaska.

The *Baranof* facts are distinguishable from Painter's situation in only one meaningful regard. At the time of *Baranof*, no federal king crab regulations had been promulgated. The opinion notes this point before concluding that the FCMA carried no implicit preemption. The court recognized that to find preemption in the absence of federal regulations would defeat the purpose of the FCMA in that it would leave

the FCZ entirely unregulated and thereby endanger the fishery which the enactment of the FCMA was intended to better protect, not to leave more vulnerable to depletion. 677 P.2d at 1251.

In the instant case, federal tanner crab regulations do exist. *See* 50 CFR §§ 671.-1–.27 (1983). However, the trial court found the state and federal regulations to be "substantially the same." Painter pointed out that the state scheme provided criminal sanctions for violations while the federal scheme for the most part provided only civil sanctions, and he argued that the civil/criminal difference constitutes conflict and, therefore, is grounds for finding federal preemption. Painter provided no support in case law for that proposition. In any event, the trial court apparently found preemption on the basis of the existence at all (even though consistent) of federal regulations. It is that holding which we reverse.

*F/V American Eagle v. State*, 620 P.2d 657 (Alaska 1980), *appeal dismissed*, 454 U.S. 1130, 102 S.Ct. 985, 71 L.Ed.2d 284 (1982), is an earlier Alaska Supreme Court decision which upheld an *in rem* civil forfeiture of a vessel for violations of Alaska fishing regulations. The decision is cited approvingly in the *Baranof* case. The *American Eagle* court states:

> To the extent that there may be a conflict between state fisheries regulations and federal regulations promulgated under the Act [FCMA], Alaska's authority to regulate fisheries under *Bundrant* has been superseded.

620 P.2d at 662 n. 10. *Bundrant* was a pre-FCMA case which rejected the argument that the federal government had exclusive jurisdiction to regulate fishing outside of three miles from shore. *Bundrant v. State*, 546 P.2d 530 (Alaska), *appeal dismissed sub nom. Uri v. State*, 429 U.S. 806, 97 S.Ct. 40, 50 L.Ed.2d 66 (1976). The *American Eagle* case arose before the effective date of the FCMA, but the language quoted is the Alaska Supreme Court's interpretation of the effect of the FCMA. That interpretation is reaffirmed in *Baranof.*

In this case, the trial court did not find preemption by conflict. The trial court did not find "conflict;" in fact it found the state and federal regulations to be "substantially the same." Preemption is not triggered by the mere promulgation of federal regulations pertaining to the same fishery. *See Baranof.*

Painter advanced other grounds in support of his motion to dismiss. By reversing the trial court's finding of preemption, we do not decide the merits of Painter's other arguments. Those grounds are not before us in the decision appealed. Therefore we do not address them at this time.

The case is REMANDED to the trial court for further proceedings consistent with this opinion.